Filed 10/17/22 P. v. Banks CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>LARRY BANKS,<br><br>  Defendant and Appellant. | F084299<br><br>(Super. Ct. No. F08907825)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from an order of the Superior Court of Fresno County. Adolfo M. Corona, Judge.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Poochigian, Acting P. J., Detjen, J. and Snauffer, J.

## STATEMENT OF APPEALABILITY

This is an appeal from the denial of appellant Larry Banks's petition for resentencing under Penal Code former section 1170.95 (now 1172.6),[1] and is authorized by Penal Code section 1237, subdivision (b).[2] (See *Teal v. Superior Court* (2014) 60 Cal.4th 595, 596.)

## STATEMENT OF THE CASE

An information filed on March 24, 2009, charged Banks with murder (§ 187; count one). The information further alleged that Banks personally used a knife in the commission of count one (§ 12022, subd. (b)(1)). On September 23, 2009, a jury found Banks guilty of first degree murder and found the knife use enhancement true. The trial court sentenced Banks to life pursuant to section 1170.2 and former section 190. In Banks's prior appeal, this court affirmed the judgment. (See *People v. Banks* (Mar. 17, 2011, F058831) [nonpub. opn.].)

On June 29, 2021, through counsel, Banks filed a motion for a *Franklin*[3] evidence preservation hearing. There does not appear to have been a ruling on that motion.[4]

---

[1] Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10).

[2] Unlabeled statutory references are to the Penal Code.

[3] *People v. Franklin* (2016) 63 Cal.4th 261.

[4] The record on appeal does not include a ruling on the motion. However, a review of the Fresno County Superior Court's online docket, which is available to the public, shows that on April 11, 2022, Banks filed a motion to dismiss his request for a *Franklin* hearing. We are not taking judicial notice of this purported April 11, 2022, filing, or of any other superior court records. We bring this April 11, 2022, filing to Banks's attention as a courtesy to inform him that the status of his *Franklin* hearing request is uncertain. In any event, it should be understood that this appeal is only from the denial of the section 1172.6 motion, and that it does not involve the motion for a *Franklin* hearing.

On July 29, 2021, Banks himself filed a section 1172.6 petition for resentencing. On November 22, 2021, Banks filed a request for a ruling on his petition.[5]

On April 13, 2022, Banks's petition was denied. On May 4, 2022, Banks timely filed a notice of appeal from the denial.

## STATEMENT OF FACTS[6]

The probation report indicates that, on May 10, 1977, Banks sexually assaulted 21-year-old Susan Vallin and stabbed her to death with a knife. In 2008, DNA from the scene was compared to Banks's DNA. The probation report states, "The DNA taken from [Banks] is consistent with the DNA located on the victim's blouse and jeans."

## APPELLATE COURT REVIEW

Banks's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) The opening brief also includes the declaration of appellate counsel indicating Banks was advised he could file his own brief with this court. By letter on August 17, 2022, we invited Banks to submit additional briefing.

In response to our invitation, Banks filed a supplemental appellant's opening brief on September 26, 2022, which the court has read and considered. Banks sets forth a number of contentions regarding the court, evidentiary issues, as well as counsel's alleged failure to properly handle the case. However, he presents no issues that would warrant relief on appeal.

---

[5] This Court affirmed the denial of a previous section 1170.95 petition. (*People v. Banks* (Mar. 16, 2020, F079858) [nonpub. opn.].)

[6] The opinion in F058831 affirming his conviction provides a detailed statement of the facts.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to Banks.

## DISPOSITION

The trial court's April 13, 2022, order denying Banks's petition for resentencing is affirmed.